(120 App. Div. 89)

### PRESTON v. ALBEE et al. (No. 2.)

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

1. BUILDING AND LOAN ASSOCIATIONS—INSOLVENCY—LIABILITY OF BORROWING MEMBER.

> Where a building association becomes insolvent and a receiver is appointed, further performance of the contract with borrowing members becomes impossible, and an equitable adjustment between the association and a borrowing member must be made as of that date.

2. MORTGAGES—FORECLOSURE—EXECUTION—EVIDENCE—SUFFICIENCY.
     Under Code Civ. Proc. §§ 935, 937, providing that a conveyance ac-
knowledged and certified as prescribed by law is admissible in evidence
without further proof of its execution, etc., a mortgage duly executed
and acknowledged, and admitted in evidence in a suit to foreclose it, is
· sufficiently proved, without further proof of its execution.

3. SAME—DELIVERY—EVIDENCE.
     The recording of a mortgage is presumptive evidence of its delivery.

4. SAME.
     The possession by the receiver of a building association of a bond and
mortgage executed by a borrowing member is presumptive evidence of
their delivery.

5. APPEAL—FINDINGS—REVIEW.
     Where the findings of fact are entirely without proof to support them,
a question of law is presented, and an exception to the findings is good.

Appeal from Judgment on Report of Referee.

Action by Charles M. Preston, as receiver of the New York Build-
ing Loan Banking Company, against Franklin C. Albee and others.
From a judgment entered on the report of a referee, dismissing the
complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT,
and LAMBERT, JJ.

Charles W. Dayton, Jr., for appellant.
C. R. & G. F. Allison (Samuel R. Taylor, of counsel), for re-
spondents.

CLARKE, J. This action was brought by the receiver of the New
York Building Loan Banking Company to foreclose a mortgage given
to the company by a borrowing member thereof. The complaint pre-
sents a state of facts similar to that disclosed and discussed in the case
of Preston v. Lamano, 46 Misc. Rep. 304, 93 N. Y. Supp. 210, where
Mr. Justice Gaynor laid down the rule governing the disposition of
cases growing out of the failure and dissolution of the New York
Building Loan Banking Company in actions brought by the receiver
to foreclose mortgages given by borrowing members of the company.
That case was followed by the Appellate Division of the Second De-
partment in Preston v. Willich, 110 App. Div. 921, 96 N. Y. Supp.
857, Preston v. Rockey, 110 App. Div. 920, 96 N. Y. Supp. 857, and
Preston v. Reinhart, 109 App. Div. 781, 96 N. Y. Supp. 851. The
Rockey Case was affirmed in 185 N. Y. 186, 77 N. E. 1156, and the
Reinhart Case in 185 N. Y. 555, 78 N. E. 1111. The general rule
thus established is that upon the insolvency of a building and loan as-
sociation, further performance of the contract with borrowing mem-
bers being impossible, the receiver of the association may forthwith
foreclose the mortgages and adjust the amount due upon on equitable
basis. As said in the Reinhart Case, supra:

"The contract as thus expressed was carried out by both parties up to the
1st of September, 1903, when the defendants neglected to make the payments
then due, and on the 13th day of September of the same year the corporation
ceased to manage its own business, the temporary receiver going into posses-
sion on the following day; and the court below has held, following the decision
in Preston v. Lamano, that the defendants must settle according to the letter
of their contract as of the 13th day of September, 1903."

The detailed rules for the adjustment of these equities, as set up in the Lamano Case, are thus established as the rule of law in this state, and can readily be applied to each case.

Upon the hearing before the referee there was received in evidence a certified copy of the order appointing the receiver, a certified copy of the judgment of dissolution, a printed copy of the articles of incorporation of the New York Building Loan Banking Company, the bond executed and acknowledged, the mortgage executed, acknowledged, and recorded, a power of attorney, executed and acknowledged, authorizing the company to collect the rents of the premises referred to in the complaint, and an agreement between the company and the defendant Arthur, executed and acknowledged, of employment of the said defendant to collect the rents. One Kyle, a clerk in the employ of the receiver, who had formerly been employed by the company as clerk and bookkeeper, was duly sworn, and, having duly qualified as to his knowledge of the signatures of defendants Arthur and his wife, Mary, identified upon a paper taken from the files of the company an application signed by the two defendants for 576 shares of the company; also the certificates of stock for said shares, bearing a blank assignment executed by the defendant Arthur. The witness then testified that the amount of the mortgage in suit, $57,600, was made up of the prior underlying mortgage of $42,000, of $11,000 premium, and $4,500 advance in cash. He then testified, in strict accordance with the rule established in the Lamano Case, supra, that the arrears of interest on this mortgage from March 1, 1903, to September 13, 1903, amounted to $1,853.77; the arrears of interest on the prior mortgage of $42,000 from September 13, 1903, to June 1, 1906, paid by the receiver, was $5,129.25; the arrears of interest on $4,500, the amount advanced by the company, from September 13, 1903, to June 1, 1906, amounted to $732.75; the arrears of repairs, taxes, and insurance, with interest to June 1, 1906, amounted to $6,310.17; the arrears of dues to September 13, 1903, amounted to $3,312; the arrears of fines amounted to $86.40. These items, added to the cash advanced of $4,500, make a total of $21,924.34. He then testified that the net rents received from September 30, 1903, to June 1, 1906, was $8,955.71, which, being credited to the amount due, left a balance of $12,968.63. The record then proceeds:

"Q. Has this amount of $12,968.63, to which you testified, ever been paid? A. No, sir.

"Mr. Taylor: I move to dismiss the complaint in action No. 2 on the ground that no cause of action has been made out.

"The Referee: Motion granted.

"Mr. Dayton: I except."

Thereupon the referee made a report, upon which the judgment appealed from was entered, in which he found and decided as facts as follows:

"(1) That the plaintiff failed to establish the existence, execution, or delivery of the mortgage mentioned in the complaint in this action, or of any mortgage."

The mortgage was admitted in evidence. Having been duly executed and acknowledged, by sections 935 and 937 of the Code of

Civil Procedure, no further proof thereof was necessary. Albany County Savings Bank v. McCarty, 149 N. Y. 71, 43 N. E. 427. The recording of the mortgage was presumptive evidence of its delivery. Ten Eyck v. Whitback, 156 N. Y. 341, 50 N. E. 963. The possession of the bond and mortgage by the receiver was presumptive evidence of their delivery. Mercantile Safe Deposit Co. v. Huntington, 89 Hun, 465, 35 N. Y. Supp. 390.

"(2) That the plaintiff failed to make proof of the existence, execution, or delivery of the bond mentioned and described in the complaint in this action, or of any bond or obligation for the payment of money."

This finding is without evidence to support it by the foregoing authorities.

"(3) That the plaintiff failed to prove any indebtedness or default on the part of any defendant in this action."

The evidence to the contrary has been hereinbefore set forth.

"(4) That the plaintiff duly established by proof the appointment and qualification of Preston as receiver," etc.

And as a conclusion of law that the action should be dismissed. As the findings of fact are entirely without proof to support them, a question of law is presented, and the exception thereto is good. Halpin v. Phenix Ins. Co., 118 N. Y. 165, 23 N. E. 482.

The errors committed are too obvious to require comment. The judgment should be set aside, and a new trial ordered before another referee, with costs to the appellant to, abide the event. All concur.

Charles W. Dayton, Jr., for appellant.

